UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BENEDICT R. GENCO.                          18-CV-0093-LJV-MJR

               Plaintiff,                    REPORT AND
                                  RECOMMENDATION
    v.

WEBSTER SZANYI LLP,

               Defendant.
_____

## INTRODUCTION

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable Lawrence J. Vilardo, for hearing and reporting on dispositive motions for consideration by the District Court.  Before the Court are: (1) defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. No. 2); and (2) defendant's motion for a filing injunction prohibiting plaintiff from commencing any new or further actions in this Court against Webster Szanyi LLP (Dkt. No. 11).  For the following reasons, it is recommended that defendant's motion to dismiss be granted and the complaint dismissed with prejudice.  It is further recommended that defendant's motion for a filing injunction be denied.

## RELEVANT FACTS AND BACKGROUND

Plaintiff Benedict Genco ("plaintiff" or "Genco"), who is proceeding *pro se*, filed the instant complaint against the law firm of Webster Szanyi LLP ("Webster Szanyi" or "defendant") on January 18, 2018.  (Dkt. No. 1).  The allegations in plaintiff's complaint

are, in large part, difficult to follow or fully understand.  In light of plaintiff's *pro se* status, the Court has attempted to discern the causes of action asserted.  Plaintiff's claims appear to be premised upon Webster Szanyi's legal representation of Starpoint Central School District ("Starpoint") with respect to an Equal Employment Opportunity Commission ("EEOC") charge and an employment discrimination lawsuit by plaintiff against Starpoint.[1] Plaintiff indicates that the nature of his suit against Webster Szanyi is "discrimination, retaliation, illegal procedure by an attorney and law firm scheduling a deposition with no discovery or court involvement."  (*Id.*).   The complaint alleges that Webster Szanyi assisted Starpoint in discriminating and retaliating against plaintiff on the basis of his disability.  (*Id.*).  In support of these claims, plaintiff states that Webster Szanyi attempted to schedule his deposition before the EEOC concluded its investigation of plaintiff's employment discrimination charge against Starpoint, before providing discovery, and before plaintiff filed a lawsuit against Starpoint.  He further alleges that Webster Szanyi refused to accept service of a notice of claim, interfered with the EEOC's investigation of plaintiff's discrimination charge against Starpoint, attempted to "outsmart a charging party" using knowledge of plaintiff's learning disability and cerebral palsy, and assisted Starpoint in failing to pay plaintiff's wages and benefits.  (*Id.*).

---

[1] Plaintiff's employment discrimination lawsuit against Starpoint is also before this Court. (*See Genco v. Starpoint Central School District*, Case No. 1:17-CV-01168).  Plaintiff, proceeding *pro se*, alleges employment discrimination, retaliation and failure to accommodate in violation of the Americans with Disabilities Act.  Starpoint moved to dismiss plaintiff's complaint.  Today, this Court issued a Report recommending that Starpoint's motion to dismiss plaintiff's complaint be denied. (Case No. 1:17-cv-01168, Dkt. No. 26).   Plaintiff has also filed suit in this Court, on a *pro se* basis, against the law firm of Sargent & Collins, LLP.  (*See Genco v. Sargent & Collins, LLP*, Case No. 1:18-CV-00107).  Sargent & Collins is Starpoint's general counsel and represented Starpoint during the course of plaintiff's employment.  Sargent & Collins also moved to dismiss plaintiff's complaint. Also today, this Court issued a Report recommending that the complaint against Sargent & Collins be dismissed with prejudice.  (*Id.* at Dkt. No. 15).  It is also noted that plaintiff filed a previous employment discrimination lawsuit against Starpoint, in this Court, in March of 2013.  In February of 2015, the Honorable William M. Skretny granted summary judgment in favor of Starpoint.  *See Genco v. Starpoint Central School District*, 1:13-cv-301, 2015 WL 540217 (WDNY Feb. 10, 2015).

On February 2, 2018, Webster Szanyi filed the instant motion to dismiss the complaint on the basis that plaintiff fails to assert any viable federal causes of action. (Dkt. No. 2).  Plaintiff filed a number of responses and "supplements" in opposition to the motion to dismiss.[2]  (Dkt. Nos. 5, 9, 10, 14).  Defendant filed a reply in further support of the motion to dismiss on March 21, 2017.  (Dkt. No. 12).  On March 7, 2018, defendant filed a motion requesting an order permanently enjoining plaintiff from filing any new or further actions in this Court against Webster Szanyi or its agents, employees or representatives.  (Dkt. No. 11).  Plaintiff filed a response in opposition to the motion for a filing injunction on March 27, 2018.  (Dkt. No. 13).  On April 16, 2018, this Court heard oral argument as to defendant's motion to dismiss and motion for a filing injunction.[3]

## DISCUSSION

### *Motion to Dismiss*

A defendant may move to dismiss a complaint on the ground that the complaint fails to state a claim on which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  In order to state a claim on which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).  In reviewing a complaint in the context of a motion to dismiss

---

[2] The allegations and arguments in plaintiff's responses, like those in his complaint, lack clarity or coherence.  His disjointed narratives set forth a litany of grievances against Starpoint, Webster Szanyi, and the doctor who performed a fitness-for-duty medical examination on Genco pursuant to Section 72 of the New York State Civil Service Law.  As best the Court can ascertain, the gravamen of plaintiff's complaint against Webster Szanyi appears to be that the law firm discriminated and retaliated against him in the course of providing legal representation to Starpoint and interfered with his EEOC charge and federal lawsuit against Starpoint.

[3] Also at that time, this Court heard oral argument as to the motion to dismiss and a request for a filing injunction on behalf of Starpoint in *Genco v. Starpoint Central School District*, and oral argument as to the motion to dismiss in *Genco v. Sargent & Collins, LLP*.

pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all factual allegations and draw all reasonable inferences from those allegations in favor of the plaintiff.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Specifically, a complaint must plead "enough facts to state a claim to relief that is plausible on its face", *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must "allow[]the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Supreme Court has further instructed that "[d]etermining whether a complaint states a plausible claim for relief...requires the...court to draw on its judicial experience and common sense...[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Bell Atl. Corp.*, 550 U.S. at 679.

Additionally, the court must be mindful when an individual is proceeding *pro se*. "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.").  However, even a *pro se* complaint will be dismissed if it does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face'."  *Ashcroft*, 556 U.S. at 678; *quoting Bell Atl. Corp.*, 550 U.S. at 570.

In reviewing Genco's complaint and responses to the motion to dismiss, the Court has accepted as true all factual allegations, drawn all inferences in plaintiff's favor, and held plaintiff's *pro se* pleadings to a less stringent standard than those drafted by an attorney.  Moreover, the Court has attempted to interpret plaintiff's lengthy, disjointed and confusing allegations and arguments in a manner consist with a claim upon which relief may be granted.  However, the Court concludes that plaintiff has not stated a claim for relief that is plausible on its face.

Genco alleges that in the course of defending Starpoint against plaintiff's federal employment discrimination lawsuit and EEOC charge, Webster Szanyi discriminated and retaliated against him on the basis of his disabilities and that they used their knowledge of his disabilities to their advantage.  He cites the scheduling of a deposition "without court involvement", lack of discovery, and refusal of service of process as evidence of discrimination or retaliation by the law firm.  However, plaintiff cannot bring a cause of action against Webster Szanyi pursuant to the Americans with Disabilities Act ("ADA"). Title I of the ADA prohibits employers from discriminating against a qualified individual with a disability in regard to any aspect of employment.  42 U.S.C. §12112(a) ("no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to … the hiring, advancement, or discharge of employees … and other terms, conditions, and privileges of employment.")  Plaintiff is not a current or former employee of Webster Szanyi and therefore cannot sue the defendant for disability discrimination pursuant to Title I of the ADA.  *See Curry v. Town of Islip*, 13-CV-3597, 2017 U.S. Dist. LEXIS 203382, *10 (EDNY Dec. 8, 2017) (*sua sponte* recommendation that plaintiff's ADA claim be dismissed because she was not an

employee or a former employee of defendant); *Lauria v. Donahue*, 438 F. Supp. 2d 131, 140 (EDNY 2006) (because plaintiff "was neither an employee, nor former employee of [the company], her claim under the ADA was dismissed"); *Morgenthal v. AT&T*, 97-CIV-6443, 1999 U.S. Dist. LEXIS 4294, at *4 (S.D.N.Y. 1999) (holding that because the plaintiff was not an employee of the defendant he could not be considered a "qualified individual" under the ADA).[4]    Plaintiff also seems to claim that in providing legal representation to Starpoint, Webster Szanyi "assisted" Starpoint in denying plaintiff's wages and benefits.  For the reasons just stated, to the extent that plaintiff is claiming that he suffered adverse employment actions on account of his disability, his cause of action rests with his employer and not his employer's legal representative.

Further, even if plaintiff were able to bring a claim against Webster Szanyi under the ADA, Genco's vague and conclusory allegations fail to explain how benign actions taken by the law firm in the course of representing their client are in any way discriminatory or otherwise connected to plaintiff's disabilities.  *See Iqbal*, 556 U.S. at 678 (Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation…[n]or does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal citations and quotations omitted); *Reyes v. Fairfield Props.*, 661 F. Supp.2d 249, 268-269 (EDNY 2009) (conclusory statements that defendants retaliated and discriminated against plaintiff

---

[4] Likewise, the facts of this lawsuit have nothing to do with the other four titles of the ADA, which prohibit disability discrimination in: (1) access to public services, programs and activities provided by public entities (Title II); (2) access to public accommodations, such as hotels, theaters, and train stations, provided by private entities (Title III); and (3) telecommunications (Title IV).  *See* 42 U.S.C. §§12101-12213.

based upon race "do not establish plausibility on [their] face and are insufficient to satisfy even the liberal pleading standards under *Rule 8(a)* and *Iqbal.*").

Genco's allegations that Webster Szanyi somehow interfered with his EEOC charge and federal lawsuit against Starpoint also fail to state a claim upon which relief can be granted.  Plaintiff's allegation that Webster Szanyi served a Notice of 50-h Examination is not an actionable claim of wrongdoing but rather a reasonable and appropriate measure taken by counsel in the course of representing a client.  New York Law requires that a potential plaintiff file a notice of claim before suing a municipal entity, such as a school district, in tort.  *See* N.Y. General Municipal Law §50-i(1).  The school district then has a right to "demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which the claim is made."  *Id.* at §50-h(1).  Plaintiff states, in his complaint, that he served a notice of claim on Starpoint on February 14, 2017.  (Dkt. No. 1, pg. 7).  As a result, plaintiff received a Notice of 50-h Examination from Webster Szanyi, on behalf of Starpoint, on March 16, 2017.  (*Id.* at pgs. 7, 16-17).  Contrary to plaintiff's assertions, Webster Szanyi was not required to wait for the filing of a lawsuit, engage in discovery, or allow the EEOC to conclude its investigation into Genco's discrimination charge prior to scheduling a 50-h Examination.  Indeed, New York Law requires that the Notice of 50-h Examination be served within 90 days of the filing of a notice of claim and that the examination be conducted prior to the filing of a lawsuit.  *Id.* at §50-h(2), (5); *Hill v. New York City Transit Auth.*, 206 A.D.2d 969 (4th Dept. 1994) (dismissing claim against municipal defendants where plaintiff served a timely notice of claim, defendants served a demand for examination pursuant to Section 50-h

and plaintiff served summons and complaint on defendants before the examination was held).[5]

For these reasons, the Court finds that plaintiff has not alleged a claim for relief that is plausible on its face and recommends that the complaint be dismissed. The Court now turns to whether the complaint should be dismissed with or without prejudice. The Second Circuit has advised that "[a] *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal citations omitted). However, leave to replead may be denied where it is apparent that no amendments would cure the deficiencies of the pleading and an attempt to replead would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). *See also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."). Here, the Court cannot identify any allegations in Genco's complaint that, even if properly pled, would constitute a viable claim under the law. The deficiencies are substantive in nature and cannot be remedied by amendment or repleading. Therefore, it is recommended that plaintiff's complaint against Webster Szanyi be dismissed with prejudice.

---

[5] To the extent that plaintiff has independently premised his suit on defendant's alleged refusal to accept service of the notice of claim on behalf of Starpoint or failing to provide discovery, he has failed to state a cognizable claim under the law. There is no federal cause of action for refusal of service of process or failing to engage in discovery.

*Injunction Request*

Defendant moves for an order prohibiting plaintiff from commencing any new or future actions in this Court against Webster Szanyi and any of its agents, employees or representatives.  In support of the injunction request, defendant notes that since June of 2017, plaintiff has filed twenty-six complaints with the New York State Division of Human Rights ("DHR") against Starpoint alleging disability discrimination and retaliation.  (Dkt. No. 11-1, pg. 2).  As of March 7, 2018, all but one of those complaints had been dismissed. (*Id.*).  Plaintiff has also filed complaints with the DHR against Webster Szanyi, Starpoint's general counsel, and the doctor who performed a fitness for duty examination on plaintiff at the request of Starpoint and pursuant to Section 72 of the New York State Civil Service Law.[6] (*Id.*).  In addition to this lawsuit, plaintiff has filed federal lawsuits against Starpoint and Starpoint's general counsel.  (*Id.* at pgs. 3-4).  In March of 2013, plaintiff filed a lawsuit in this District against Starpoint alleging disability discrimination, failure to accommodate, retaliation, hostile work environment and due process violations.  (*Id.* at 3).  In February of 2015, Judge Skretny granted summary judgment in favor of Starpoint.  *See Genco v. Starpoint Central School District*, 13-CV-301, 2015 WL 540217 (WDNY Feb. 10, 2015) In light of plaintiff's extensive history of litigation, all of which has been unsuccessful to date, Webster Szanyi asks that the Court issue an injunction using its "discretionary authority to deter vexatious and abusive litigation."  Webster Szanyi argues that absent Court intervention, plaintiff will continue to pursue frivolous litigation.

Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on a *pro se* litigant who continues to file frivolous or baseless claims and

---

[6] Plaintiff's DHR complaint against Webster Szanyi was dismissed, for lack of jurisdiction, because plaintiff is not a current or former employee of the law firm. (Dkt. No. 11-1, Exh. D).

petitions. *In re Mu-hammad*, 17-mc-6008, 2017 U.S. Dist. LEXIS 99363, *5-6 (WDNY June 27, 2017). Further, "[w]hen confronted with a vexatious and determined *pro se* litigant…the courts have sometimes responded by completely enjoining the litigant from the filing of designated categories of cases." *Id.* at *8. Issuance of a filing injunction "is a serious matter, for access to the Courts is one of the cherished freedoms of our system of government." *Raffe v. Doe*, 619 F. Supp. 891, 898 (SDNY 1995) (internal quotations and citations omitted). The Second Circuit has held that district courts should consider the following before imposing a filing ban: (1) the litigant's history and whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; (3) whether the litigant is represented by counsel; (4) whether the litigant has placed an unnecessary burden on the courts or other parties; and (5) whether other, lesser sanctions would be sufficient. *Iwachiw v. N.Y. State Dep' of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2015). Before entering a filing injunction, a district court must first provide the litigant with notice and an opportunity to be heard. *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998).

Plaintiff has an extensive history of filing administrative complaints and lawsuits alleging disability discrimination and retaliation in the course of his employment with Starpoint. However, this matter represents his first federal court suit against Webster Szanyi. Presently, there is no showing that plaintiff, who is proceeding *pro se*, is acting in bad faith as opposed to a misunderstanding of the types of relief available to him under the law. *See Maduakolam v. Columbia University*, 866 F.2d 53, 56 (2d Cir. 1989) ("While it is true that Rule 11 applies both to represented and *pro se* litigants, the Court may consider the special circumstances of litigants who are untutored in the law."). At this

10

time, the burden imposed on the Court and opposing counsel as to plaintiff's claims against Webster Szanyi has not been significant.  It is noted that in light of the other pending lawsuits arising from the plaintiff's employment with Starpoint and the sheer volume of administrative complaints that have been filed, there may come a time when intervention by the Court is appropriate.  Indeed, any further lawsuits against Webster Szanyi asserting the same or similar claims as those raised here may warrant injunctive relief.  However, the Court does not recommend that a filing injunction be imposed at this time. *Compare Iwachiw v. New York City Bd. Of Elections*, 126 F. App'x 27, 29 (2d Cir. 2005) (upholding filing ban where, in the prior six years, plaintiff filed at least thirteen *pro se* appeals, none were successful and several were "dismissed for frivolousness, failure to comply with rules or Order of [the] Court, or lack of appellate jurisdiction"); *Jones v. Newman*, 98 Civ. 7460, 1999 U.S. Dist. LEXIS 10171, *40-45 (SDNY July 7, 1999) (plaintiff barred from filing a federal lawsuit, without first obtaining leave from the court, where he filed ten *pro se* complaints related to his indictment and the court found that his primary purpose in filing the lawsuits was to "harass and/or embarrass" his perceived enemies); *Gertskis v. City of N.Y. Dep't of Health & Mental Hygiene*, 13-CV-2024, 2014 U.S. Dist. LEXIS 88020, *18-20 (SDNY June 27, 2014) (barring plaintiff from filing future claims related to her employment, termination and failure to be rehired after her third federal lawsuit arising out of those same issues was dismissed and she filed numerous frivolous motions and demonstrably improper appeals).

## CONCLUSION

For the foregoing reasons, it is recommended that Webster Szanyi LLP's motion to dismiss the complaint be granted and the complaint dismissed with prejudice.  (Dkt.

No. 2).  It is further recommended that Webster Szanyi LLP's motion for a filing injunction be denied.  (Dkt. No. 11).

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72.  Any requests for an extension of this deadline must be made to Judge Vilardo.

*Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.  See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See* Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y.  L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  Failure to comply with these provisions may result in the District Court's refusal to consider the objection.*

**SO ORDERED.**

DATED:      June 1, 2018
            Buffalo, New York


                                        /s/ Michael J. Roemer
                                        HONORABLE MICHAEL J. ROEMER
                                        United States Magistrate Judge